IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUBERT JACKSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | JUDGE VANASKIE |
| | : | |
| LENCOVICH, et al., | : | 05-CV-930 |
| | : | |
| Defendant | : | |

MEMORANDUM

PROCEDURAL BACKGROUND

Hubert Jackson, an inmate presently confined at the State Correctional Institution at Somerset, Pennsylvania, brought this civil rights action on May 6, 2005, naming as Defendants the following corrections officials of the State Correctional Institution at Mahanoy: Edward Klem, Superintendent; Edgar Kneiss, Deputy Superintendent; Edward Martin, Superintendent's Assistant and Grievance Coordinator; Thomas Derfler, Captain; John Kaufman, Corrections Officer Lieutenant; and Joseph Lencovich, Corrections Officer Lieutenant.  Plaintiff's *pro se* pleading complained of his forced removal to a strip cell in June of 2003, and his subsequent confinement in that strip cell for a period of seven days pursuant to the SCI-Mahanoy disruptive inmate policy.

By Report and Recommendation filed on June 6, 2005, the Magistrate Judge to

whom this matter had been assigned for pretrial management recommended that the action be dismissed without requiring service of the complaint. By Order dated October 12, 2006, this Court, concluding that placement of Plaintiff in a strip cell for a period of seven days pursuant to a disruptive inmate policy did not implicate an interest protected by the Fourteenth Amendment due process clause and did not effect cruel and unusual punishment, adopted the Report and Recommendation and dismissed this action.

On October 26, 2006, Plaintiff moved to alter or amend the judgment so as to give him an opportunity to amend his complaint to attempt to state a viable cause of action related to his placement in the strip cell. In particular, Plaintiff asserted that he intended to allege facts in support of his excessive use of force and serious deprivation of basic human needs claims. In this regard, Plaintiff asserted that he would amend paragraph 14 of the complaint by alleging:

> Defendant Lencovich ordered Plaintiff to come to the shower door to be handcuffed to be taken to a strip cell as punishment for . . . misconduct charges. Plaintiff refused said order based on the obvious fact that defendant Lencovich had no security concerns of Plaintiff being a threat to hisself [sic] or others, being that plaintiff was allowed to participate in daily activities . . ."

He also asserted that there was no basis under Pennsylvania Department of Corrections policy to transfer him to a strip cell, depriving Defendant Lencovich of any legitimate penological justification for the order. (Motion to Alter or Amend Judgment (Dkt. Entry 14), at ¶ 5.) He further indicated that he would amend paragraph 32 of the Complaint to assert

that Defendants Lencovich, Kaufman and Derfler had no legitimate penological justification for the planned use of force to move him to the strip cell.  (Id. at ¶ 6.)

By Order dated October 27, 2006, the Motion to Alter or Amend the Judgment was granted.  (Dkt. Entry 15.)  Plaintiff was directed to file an amended complaint within twenty (20) days of the date of the Order.

Following an enlargement of time granted by Order dated November 17, 2006, Plaintiff filed an Amended Complaint on November 27, 2006.  (Dkt. Entry 20.)  The Amended Complaint dropped Edward Martin and Edgar Kneiss as Defendants, but added the Secretary of the Pennsylvania Department of Corrections, Jeffrey Beard, as a Defendant with respect to a completely separate claim concerning Plaintiff's transfer to the Special Management Unit at the State Correctional Institution at Camp Hill in June of 2004.  In addition, the Amended Complaint reasserted claims against defendants Klem, Derfler, Lencovich and Kaufman in connection with the placement of Plaintiff in the strip cell at SCI-Mahanoy in June of 2003.

The Amended Complaint is before the Court for a determination as to whether service of process should issue.  Finding that the new claim against Defendant Beard is not properly related to the original claims asserted in this matter and, in any event, is plainly time-barred, and that the amended complaint does not present a viable cause of action against the originally-named Defendants, I will dismiss the action.

3

FACTUAL BACKGROUND

The incidents giving rise to this litigation at its inception arose while Plaintiff was incarcerated in the Restricted Housing Unit ("RHU") at SCI-Mahanoy.  Plaintiff alleges that on June 4, 2003, he was handcuffed and escorted to the shower by three officers.  As he was completing his shower, Defendant Lencovich came to the shower and informed Plaintiff that he was being moved to a strip cell for seven days pursuant to the institution's disruptive inmate policy.  (Amended Complaint, Dkt. Entry 20, ¶ 11.)  In reply to Plaintiff's questioning, defendant Lencovich informed Plaintiff that he was being moved to a strip cell because he had refused to obey orders to take paper down from his cell door window, had used abusive and obscene language to staff, and had threatened staff. (Id. at ¶ 12.)  Plaintiff was informed that he would be given a mattress and jumpsuit every evening at 9 p.m., but had to turn them back in every morning at 9 a.m., and that he would earn back other items, such as blankets, socks, shoes, deodorant, toothpaste, etc. based upon good behavior.  (Id. at ¶¶ 11-12.)

Plaintiff alleges that he refused the order to be escorted to the strip cell "because it would be humiliating to me to be paraded in front of female officers and nurses" in his underwear.  (Id. at ¶13.)  Plaintiff alleges that Defendant Derfler then authorized a planned use of force to move Plaintiff from the shower to the strip cell.  (Id. at ¶ 15.)  Plaintiff continued to refuse the orders and was sprayed with a chemical agent, ultimately allowing

4

the corrections officers to place Plaintiff in the strip cell. (Id. ) Plaintiff asserts that the endured harsh conditions of confinement during his stay in the strip cell. (Id. at ¶17.)

In addition to reasserting the strip cell and excessive force claims presented in the original complaint, the Amended Complaint purports to present a cause of action arising out of Plaintiff's transfer to the Special Management Unit at SCI-Camp Hill on June 16, 2004. Plaintiff alleges that he was not provided with an opportunity to be heard prior to the transfer, blaming Defendant Beard for the absence of a policy that would have afforded due process prior to this transfer. (Id. at ¶ 21.)

Plaintiff asserts liability against Defendant Klem for having "created the 'local disruptive inmate policy' which led to the use of excessive force against Plaintiff and the unconstitutional confinement of Plaintiff in a strip cell . . . " in June of 2003. (Id. at ¶ 24.) Plaintiff further claims that Defendants Lencovich, Kaufman, and Derfler caused the use of excessive force in connection with his removal to the strip cell. Finally, as to Defendant Beard, Plaintiff asserts that he was responsible for the absence of procedures by which he would have been afforded an opportunity to be heard prior to his transfer to the Special Management Unit at SCI-Camp Hill in June of 2004.

DISCUSSION

As indicated in this Court's Order of October 12, 2006 dismissing this action, Plaintiff's confinement in a strip cell because of his disruptive conduct did not abridge

Plaintiff's due process rights or effect cruel and unusual punishment.  See Camp v. Brennan, 54 F. App'x. 78, 81 (3d Cir. 2002) (no Eighth Amendment Violation where inmate placed in strip cell was not deprived of the "'minimal civilized measure of life's necessities'" by the defendants); O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996) (placement of inmate in strip cell for 6 ½ days as part of a disruptive inmate policy did not violate Eighth Amendment); Williams v. Delo, 49 F.3d 442, 445-47 (8th Cir. 1995) (placement of inmate in strip cell for a period of four days pursuant to disruptive inmate policy did not violate the Eighth Amendment where there was no evidence that prison officials deprived the inmate of the minimal civilized measures of life's necessities or knowingly disregarded an excessive risk to the inmate's health or safety); Winn v. Delaware, No. Civ. A. 02-34, 2003 WL 22415872, at *3 (D. Del. 2003) ("placing [inmate] on strip cell status as a result of his disruptive behavior is reasonably related to further the legitimate penological interest in institutional security").

     Thus, as to Defendant Klem, whom plaintiff seeks to hold liable for establishing the disruptive inmate policy pursuant to which he was placed in the strip cell, no viable constitutional claim has been presented.  In this regard, Plaintiff's Amended Complaint does not allege that he was deprived of life's basic necessities, such as food and water, or that he sustained some injury, other than discomfort, as a result of his temporary placement in the strip cell.  Plaintiff's claim that it was unlawful to deprive him of items such as

6

toothpaste, toothbrush and deodorant because the disruptive behavior that landed him in the strip cell did not entail the misuse of those items fails because those items, though important, do not comprise basic life necessities.  Moreover, the Amended Complaint shows that there was a legitimate penological purpose in confining Plaintiff in the strip cell.  Specifically, placing paper over the cell door window constituted a significant security risk that was not amenable to resolution by ordinary disciplinary proceedings.

Plaintiff has also failed to present a viable Eighth Amendment Claim for excessive use of force.  He acknowledges that he refused to comply with Defendant Lencovich's order to step forward to be handcuffed for removal to the strip cell.  Plaintiff has not alleged facts from which it may be inferred that force greater than necessary was applied.  Other than conclusory allegations, the Amended Complaint fails to plead that the use of force was for any reason other than a "good faith effort to maintain or restore discipline." Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).  Nor has he alleged facts from which it may be inferred that force was applied "maliciously and sadistically, to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).  The fact that Plaintiff was unwilling to comply with Defendant Lencovich's order without assurances that he could put on clothing to avoid being seen in his underpants by female officers and nurses does not render defendant's forced removal of plaintiff an excessive use of force.

As noted above, Plaintiff's Amended Complaint asserts an entirely new claim against

7

a new defendant based upon events that occurred some 12 months after his placement in the strip cell as a disruptive inmate. Plaintiff was not granted leave to amend his pleading to present an entirely new claim. Instead, he was granted leave to attempt to cure the pleading deficiencies of his original complaint. On this ground alone, dismissal of the new claim against a new defendant appears warranted.

In any event, the new claim is plainly barred by the applicable two-year statute of limitations. Pennsylvania's two year statutory period applies to civil rights claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The amended complaint concerns plaintiff's transfer to the SMU at SCI-Camp Hill on June 16, 2004, more than two years before Plaintiff filed the Amended Complaint. Moreover, the Amended Complaint alleges that administrative remedies concerning his transfer to the SMU were exhausted as of November 9, 2004. The Amended Complaint contains a verification dated November 16, 2006, marking that as the earliest date that the Complaint could have been delivered to prison officials for mailing to this Court. The Amended Complaint was filed on November 27, 2006. The claim asserted against Defendant Beard has no logical relationship to the claims against the other Defendants, and thus does not relate back to the filing of the original complaint under Fed. R. Civ. P. 15(c). As more than two years passed since the claim accrued and related administrative remedies exhausted, as alleged in the Amended Complaint, dismissal of this claim under 28 U.S.C. § 1915(e) is appropriate. See Smith v.

Delaware County Court, 260 F. App'x 454, 455 (3d Cir. 2008) (sustaining *sua sponte* dismissal where bar of statute of limitations is clear); Lewis v. City of Trenton Police Dept., 175 F. App'x 552, 553 (3d Cir. 2006) (same); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (same).

CONCLUSION

    For the reasons set forth above, this action will be dismissed without further leave to file an amended complaint. An appropriate Order follows.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUBERT JACKSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | JUDGE VANASKIE |
| | : | |
| LENCOVICH, et al., | : | 05-CV-930 |
| | : | |
| Defendant | : | |

ORDER

NOW, THIS 3rd DAY OF JULY, 2008, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Pursuant to 28 U.S.C. § 1915(e)(2), the Amended Complaint filed on November 27, 2006 is DISMISSED.

2. The Clerk of Court is directed to mark this matter CLOSED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge